May it please the court I'm going to reserve six minutes for rebuttal. Okay. Your Honor, I told the jury in this case this was about the American dream for Mr. Conti and part of the American dream and part of the law in Washington is that we have the Washington law of discrimination in Title 7 that allows me to come to this court and act as a private attorney general and help somebody like Mr. Conti regardless of his economics regardless of his social status and give him excellent representation and part of what the case law says in order to make sure that Mr. Conti has the same type of representation as these corporations he needs to have his counsel compensated the same way an employer's lawyer would in a case like this and in this case I'm gonna address the issue of fees first and in this case Mr. Conti provided substantial evidence supporting his fee and cost petition he provided testimony from eight of the best Seattle lawyers representing both both employees and employers and they opined on the reasonableness of the rates reasonableness of the time on the hours and as well as the reasonableness of the $35,000 in costs and Moreno versus City of Sacramento your case your honor holds that the defendant's lawyer must shoulder most of the burden in support of a reduction of fees and that's because that lawyer typically has the motive and the knowledge you said the same judge Fletcher in Chaudhry versus the City of Seattle defendants lawyer has the burden of rebuttal which requires the submission of admissible evidence in rebutting fees and costs and hours attorney Leon did not come close to meeting the burden of rebuttal she relied on hearsay information that lacked foundation she did not come to the case until late in the game a couple months before the trial and she did not provide the court with a record to do what the court did the court discounted the fees by 54% based on what the district court said was limited success and excessive work but the evidence doesn't support that indeed there were errors of law in interpreting 4960 that should be reviewed to know though I disputing both limited success and excessive work are you disputing both limited success and excessive work I am okay so you got everything for your client that you asked for I guess the only thing I guess I didn't get from my client would be punitive damages but these are alternative theories we're talking about the same adverse actions your honor the it's his pay cut and it's involved in so these alternative theories according to the verdict form got all the compensatory damages whether or not it was age discrimination retaliation or or what we want on which is race and national origin they're all alternative so as far as success believe that it was successful and the court's idea of reducing fees based on the amount of the dollars ignores a single wallet case and did not even mention one word about the social value of these cases and as the Court of Appeals said and you know you smush together in one sentence several things I'm having trouble following your argument you say the at several theories that would have had the same result parallel theories I understand that so you have federal law state law theories and you could one on either you would have gotten you couldn't have gotten duplicate of recovery but you are entitled on behalf of your client to pursue parallel theories because you might want one another I understand that but then you sort of added there the theory about the amount of damage or the amount you got the relief you got and I thought you sort of conceded that you didn't get everything you asked for I actually I misunderstand there yeah I think you did your honor I'm not saying that we didn't get everything we asked for in fact we improved the position that mr. Conti had that he was willing to accept in a mediation with a blind offer I mean initially I tried to get him rehired he improved his position I think we asked the jury for maybe 300,000 and he got very close to that but what I'm what I am but we left it up to the jury and what I'm saying is mr. Conti received his full measure of compensatory damages regardless of if that termination or that pay cut was based on age retaliation or race they're alternative theories and and the court has ruled in fam and in theory and in steel where there was one of four claim is successful or bright which we recently provided the court where there was one of four that that is a complete success as to the dollar amount what I'm saying is the court didn't take into consideration the social value of these claims as well like the court said in Martinez citing the US Supreme Court in Rivera and city of Riverside that you know it's not an adequate measure the money is not an adequate measure or an adequate adequate yardstick the reason I'm mentioning that is the district court relied on the amount of damages to say lack of success the district court relied on alternative theories to basically reduce the amount of damages and the law doesn't support that and the court cuts need to be based on they need to be clearly articulated the reasoning does and backed up with admissible evidence and the courts cuts based on the amount of damages is not supported by the law the case any any cuts that were done by because of reducing fees based on not winning on age or retaliation is also not supported by the law and as as you your honor said in Cabral is in overturning the district court rare indeed is the litigant who doesn't lose some skirmishes on the way to winning the war lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those battles he's certain of winning is probably not serving his client vigorously enough losing is part of winning and if you I believe if you look at the docket look at our summary judgment district court and you read what the district court said and basically ruling in our favor on summary judgment that we basically were very successful in most if not all of the motions and most of not all of the motion practice are you are you saying that there was no separate preparation or research done for the unsuccessful retaliation and age discrimination claims little little that was not the the there were pattern instructions on all that and it's at age and race and that was not you know for example the reason age made sense is because you have somebody who was 65 who is basically removed from them from the Microsoft group and everybody else was a lot younger that didn't take a lot of work this concept that the defendants argue that that there was separate time for that isn't significant really it's an alternative theory with the same adverse actions additionally the the you spent all but about two minutes of the time beyond your rebuttal that you are you for yourself do you want to argue anything for your client well I I think joint and several liability is something I would argue for my client well I'm just saying yeah are you going to get to it you want to five minutes I thought for a bottle I'm just saying you're getting close to your time are you gonna argue anything for your client oh well for my client there was substantial evidence to support the brick this is not the time for the relief as well you're just appealing on the attorneys fees no we're on the attorney's fees your honor and also on joint and several liability and with the spending time talking about that or you're just going to talk about fees well I think joint I do want to spend some time talking about joint and several liability and I think it's clear that that's also the noble review that it's basically under the tort reform intentional torts don't apply especially when you have an indivisible harm like this one well don't you have to show that mr. Leon was involved in all the adverse decisions against mr. Conte the record supports that he that he went ahead and bust the the pay cut and that he wrote the letter that terminated him so I think I can what about the transfer well I know he approved the pay cut with respect to the transfer I don't know that we know one way or the other what he did or he didn't do but I don't think it's about it's about collections it's not about what he's liable for you know if you look at the Scott paper case that's about what someone can be liable for joint and several liability goes to collections and if mr. Leon let's say was on the hook for CSG he gets to go after CSG for contribution it's it's who do you make pay a judgment is it the victim the Washington law says that the an intentional tort does not have to can collect against one so that's that's that's the law I'm gonna reserve my time for the FedEx questions thank you your honor may it please the court Andrew Kinsler excuse me here on behalf of CSG and mr. J Leon a point of clarification does the court allow rebuttal time on the cross appeal or am I limited to one presentation no no you're limited to one presentation thank you your honor I'd like to start with the issue of joint and several liability it is the it is the plaintiff's contention that RCW chapter 4.22 our tort based comparative fault joint several liability statute to a discrimination claim the the the essential problem one of the essential problems with that argument is that there is no comparative fault in discrimination claims there is no comparative fault you don't have on the verdict form that was the plaintiff comparatively at fault for the discrimination against the plaintiff so it's this case a discrimination claim does not fall within the comparative fault statute at all and there is no Washington case which has said 4.22 applies to a discrimination case and so that takes us that doesn't answer the question is there is there not joint several liability I think we both cited the same case which is the seafirst shoreline concrete case which is the pre-existing law or the law that exists outside of 4.22 which was a tort reform statute so under the seafirst versus shoreline concrete case there's joint and several liability if there's indivisible harm and each defendant caused that harm so then we look at this case and we say was there indivisible harm and did each defendant cause that harm well the jury was asked the question what harm did mr. Leon cause and they answered the question and they gave a dollar amount so they thought it was divisible they gave a decision with respect to that and so we don't have joint and several liability with respect to this the the plaintiff has argued well the the jury was asked what portion of the damages awarded against CSG would mr. Leon did mr. Leon cause that makes it indivisible but that's that's a completely illogical statement because there were many many employees acting on behalf of CSG that were talked about in this case and and CSG is liable for all of them and so the fact that the court then says well what portion is mr. Leon responsible for that doesn't make it indivisible makes it divisible the jury found it to be divisible and argument that oh it's indivisible doesn't get us anywhere doesn't agree with the jury verdict that they want to have stand so there is no joint and several liability in this case I would also point out that let me ask you this yeah the joint and several liability is applicable only to $10,000 is that right that's according to the to the to the judgment that's right why do you care why do you care so much I mean the joint and several liability for $10,000 you're making a very strong argument for something that's in the scheme of things a fairly small amount of money okay and so I'm not communicating well what that what the plaintiff wants is to recover the entire $192,000 verdict against mr. Leon that's where the joint several liability comes in that's where it comes in it's not it's it's not about the $10,000 it's it's about the $192,000 that that's why it's important and then they want joint and several liability for the attorney fees as well which is obviously the thing that they're most concerned about here and so they want mr. mr. Leon to be responsible for their $500,000 how did the district court allocate attorney's fees excuse me how did the district court allocate attorney's fees it's my understanding that the district court applied the same percentage that the the judgment against mr. Leon and the judgment against CSG same percentage to the attorney fee award and just to be perfectly clear you representing both defendants so you're presenting mr. Leon or I'm representing both defendants with their consent they understand the issues and I have authority from my clients to I'm representing please don't I'm not a question I'm just want to understand understood yeah very well I think I've got my answer so thank you with respect last several liability under 59e there's a 28 day motion to bring a there's a 20 day limit to bring a motion to amend or alter a judgment and no such motion was made after the judgment was entered the plaintiff has there wasn't there a deadline for any objections as well that was even shorter yes you're there was and no objection was made none was made and it didn't come until but 40 days later on a 60 B motion correct I think was 50 days later but I'm going to turn to the same decision defense I think that's a fascinating legal issue we have this question of was there was national origin discrimination a substantial factor in the in the decision to offer mr. Conte a lower paying job than the one he was then he was being offered the one he was working out before and of course we all know that as to the to the title 7 claim the jury said that the same decision would have been made in the absence of discrimination which means there's no damages recoverable under federal law no ability to get reinstatement but there's could be some other injunctive relief and there can be attorney fees that can be awarded under those circumstances no other injunctive relief was sought no relief was sought that I'm aware of under federal law once the jury made that decision so then we go to the Washington law against discrimination we have basically the same standard but does the same decision defense apply or not and we have a number of Washington cases that we've cited since the Davis case which have said that if the defendant would have made the same decision then the plaintiff fails in their causation analysis it's basically a shifting of the burden of proof that the question under state law was not asked was it to the jury that's correct it was not asked and it are you saying that the burden of proof in the standard is the same on yes I am yes I am that's why I'm saying as a matter of law we get to the same result now the argument from the defense is that the same decision from the plaintiff is the same decision defense under the old Davis case back from 1980 was the same decision has to be proven with clear cogent convincing evidence that standard was not presented so if if they're right but that's Washington law that you have to prove the same decision defense with clear cogent and convincing evidence then there's no finding on that and there's no finding on that because there's no jury instruction to that effect with that burden of proof I understand that and so why wasn't there such a jury instruction because it would have been your advantage to have it maybe unless that's not the standard because it's our position that the standard is the same what if I conclude that they are different standards which I am I confess I'm tempted to conclude well I think that if you're tempted to conclude that then then there's no jury instruction was it was proposed with respect to that issue I would just suggest that the world has moved on from the clear cogent convincing standard federal law has moved on from it all other state courts have moved on from it and it's not been addressed in Washington so it's an unknown issue in Washington but we do know that the Washington courts say that if the same decision would have been made is that the kind of thing we should refer to the Washington Supreme Court well I think that's a would be a would be appropriate I mean supreme US Supreme Court has has advised us in pretty strong terms and they have sent things to the Pennsylvania Supreme Court if I remember correctly yeah which probably because all of US reports is full of Pennsylvania Supreme Court decisions but I'm asking serious questions I mean are you this is the kind of issue that we ought to send to that Washington Supreme Court I think that the that the all of the case law since 1980 has has I realize you'd rather win here yes I would rather win here but you've heard what Judge Fletcher said and I haven't said anything just somehow hasn't said anything so you you know you you have a partial reveal so I only said I was tempted well that's right that's why that's why I said it's partial so so I'm you know here here are the lectern and you have to take a position on behalf of your client I would like to win somewhere it's like it's like dirty hair right I would like to win somewhere if not here than there but I think it's the right answer well you're also an officer of the court and the question is under circumstances such as this is this the kind of issue that's sufficiently significant and sufficiently unclear that it ought to be decided by the state or at least that we ought to give a chance of the state Supreme Court to decide the issue rather than doing what we are entitled to do but maybe we're wise enough to do which is to decide ourselves I think it's certainly an issue of sufficient importance to you counting the votes on the Washington Supreme Court answer in your mind I wish I had that much insight I don't I don't I think it's an important I think I've tortured you on that issue long enough we would ask the court to apply a discussing the issue that your opposing counsel mostly talked about and that was the apportionment of the fees or the reduction of the fees you know I I think that this court is going to give a lot of deference to we we were we disagree with the amount of the fees that were awarded they were substantial but judge Jones went through a careful analysis he was the one on the firing lines who heard all of the testimony he knows what was successful and what wasn't successful he knows what was excessive and what was not excessive in the trial court so I think that this court is going to give judge Jones a lot of deference I think this court should give judge Jones a lot of deference I think that if the court agrees that the issue as judge Jones teed it up the issue of the same decision defense if if we're right that it's a preponderance of the evidence standard then it's just a legal the jury's decision is the same for the Washington law against discrimination as it was under title 7 and that the there should be no damages awarded that changes everything and would require a remand for redetermination as to whether even any of these at all are appropriate because there would be no damages and no relief was sought other than damages and so I think that would require remand I would ask the court to consider the points and authorities that we've raised with respect to the amount of the fees but I I think that that I have a lot of I think he clearly understood the importance of the case and I think he clearly understands the value of plaintiffs bringing cases where they believe there's been a discrimination and I think he he applied the analysis as in an appropriate manner what about the plaintiffs argument that the retaliation and age discrimination claims are really part of the same common core of facts that they were just alternatives with only slightly more work involved in preparing them what I'd like your reaction to that I I find that an incredible statement I I really don't think that's a credible argument the whole idea of his wife's illness and going to his wife's hospital room in this I mean it took up a lot of time at trial talking about this whole issue which was all about the retaliation question and I I just think that that that is contrary to the evidence in the case okay thank you very much of a language should you have some time yes your honor you can't hold back on a supposedly critical legal issue and try to use it as a free pass when you lose at trial that's why we have rule 51 where the Ninth Circuit basically is one of the strictest adhere to that rule and here they didn't propose an instruction they did not object to the verdict form which allowed the exact result that the jury did you under the verdict form you could find you know they're not coextensive you could find for the state discrimination there was no affirmative defense the jury did what the jury was understood it should do so the and you know in the Zhang case the court basically held that even when it was just the same thing with a verdict form where you had a state discrimination claim that lost on substantial one on motivating that the fact that that wasn't put in the verdict form was waiver the verdict form allowed for the this action would have been taken anyway under federal law why would how could it be consistent for them to not find the same thing on this under state law I mean isn't it the same action the same conduct I I think you got a lot of the cases which we should be talking about not what someone could have done or what the court may have done which they're saying it would have evolved to something there is we've got basically if you look at substantial factor the language that was unique to the to the state claim said substantial factor does not mean the only factor or the main factor in the challenge act substantial factor also does not mean the decision would not have been made but for his race national origin or age and the way Judge Jones interpreted that I think correctly is what that would mean is that you could basically still have somebody but if if if somebody's protected status becomes part of the decision in Washington that is discrimination it's actionable so you got the language of the substantial factor basically rejecting the same decision language and Allison in these cases judge Matt justice Madsen said as much said there goes the same decision defense when we adopted the substantial factor analysis she said that in reference to McKay so I don't think that there is the same decision defense in Washington and if if we're going to say it still exists it's not part of the pattern instructions and it would be clear and convincing and it would be it wouldn't be an offense to liability it would be a back pick back pay at best as to us not asking for injunctive relief it's because mr. Leon sold his business for millions and basically there was no business right we tried to move to get successor liability and and there was no party that mr. Conti could have gone to work for we would have asked for injunctive relief and we did win under that part of the statute maybe you may have just answered in part the question I had I flipped it by flip the parties by mistake so you're trying to get joint and several liability from mr. Leon for the entire amount above the $10,000 why do you care so much is it because you're worried that the defendant is judgment proof in some fashion I think the defendant I mean we've seen Leon's I'm doing this mainly for principle I mean Leon has declared bankruptcy we sent you that information CSG services went under and then came back alive when they filed their appeal so I mean the best that we can really hope for here probably is to take this liability judge Jones didn't give it because mr. Leon said I got millions of dollars I paid my tax liens it turned out to be false as far as yeah so I think that's the answer the question you're worried about collectability the judgment dependent for me that one of them a hundred hundred percent worried about it and that's seems like they're worried about Leon mostly and so when the court found the damages were not indivisible and set a deadline for objections you didn't meet that deadline and had to come back with a motion a different kind of motion 40 days later why why why didn't you object right away I don't think it really occurred to us right away I mean if you look at the transcript turning Leon is basically saying to the judge is this a subset of the same damages or is it and the judge basically said you know disagrees with her I don't think it really occurred to me until I really saw that it was a collections issue and then really looked at what does he mean when he says 10,000 of the of the 190 the reason I think it's indivisible though it's the same pot different if it was 10,000 over and above what you would have to show extraordinary circumstances to reopen a judgment wouldn't you yes and I think part of the extraordinary circumstance was also I was I was I basically was dealing with another appeal in another case and I had a very sick associate and the time just kind of elapsed we were trying to figure out the the also trying to figure out the injunctive relief portion of that but as to the joint so I don't I think this that I don't think it needs to get certified in the Supreme Court as much as I would think that would be very interesting in the sense that you can't get past rule 51 you can't get past the Seventh Amendment in the sense that this this circuit in Zhang and also in Grosvenor basically says we must accept any reasonable interpretation of the by exodus if necessary I mean the jury did follow the form a lot of the cases a lot of the case speculating about what it should have been it just basically sits creates a situation where somebody can completely just sandbag and that's what they said in Zhang the American jump seafood you can't sandbag I don't think they thought of this issue at the time where they would have made that decision so the other thing I wanted to talk about with the judge's order I think you're out of time at this point oh am I out of time okay all right thank you thank you very much your honor cases are you were sent to me they were adjourned
judges: Kozinski, W. Fletcher, Tunheim